ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* DUNCAN.

## Opinion delivered June 14, 1915.

1. RAILROADS—CONDITION OF DEPOT BUILDING.—A railway company is bound only to the exercise of ordinary care to keep and maintain its depot houses and approaches thereto in a safe condition for the protection of passengers and other persons who may be rightfully about such premises in other than the capacity of passengers.

2. RAILROADS—CONDITION OF DEPOT BUILDING—INJURY TO VISITOR—DUTY OF CARE.—A person rightfully upon a railway company's depot premises is bound to exercise ordinary care for his own safety and usually to the exercise of such care as is commensurate with the apparent danger to be avoided under the particular condition.

3. RAILROADS—INJURY TO VISITOR AT STATION—CONTRIBUTORY NEGLIGENCE.—Plaintiff, a visitor at defendant railroad's depot building, was injured by reason of the removal of certain steps, occasioned by the act of defendant company in undertaking to move the depot building. *Held*, plaintiff was bound to the exercise of ordinary care for her own protection, which was greater under the facts, than if conditions surrounding the building had been normal, with the usual stationary steps in use.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Plaintiff brought this suit against the railway company for damages for personal injuries alleged to have been caused by the negligence of said company in failing to provide steps to the waiting room of its depot building at Mulberry, Arkansas.

The facts substantially are that plaintiff, a young lady school teacher, whose father was a drayman or operated a transfer of freight, at Mulberry, from the station to the merchants about the town, was in the habit of collecting the freight bills for the freight delivered by her father. On the day the injury occurred, the company was moving its depot building, and it was raised about two or three feet, on jacks, and a plank, two inches thick by eight inches wide and ten feet long, was put up from the ground into the door for people to enter upon, the steps having been removed. It was necessary for plain-

tiff to enter the door in order to reach the office of the agent and get the freight bills, and the agent was at the door when she came and assisted her to enter the building as she walked the plank. After she got the freight bills, she came back out of the door, and, upon her first step on the plank, she said it careened or turned and she fell to the ground on her hands and knees and was severely injured. The physician testified to her injury.

She made no complaint at the time and no one saw her fall, although there were several people working about the building, some of the men, eight or ten, being under the house at the jacks.

She went on up town and collected the bills and returned shortly with the money and with two or three other friends, at which time she laughingly said something about the plank and that she had fallen off of it when she started up town. She stated that the plank did not turn over and seemed to be in the same position after she fell as it was when she stepped on it.

Others testified that the plank would naturally spring a little when the weight of a person was put upon it; that it was about ten feet long, one end resting on the ground and the other on the door sill, which was about two and one-half feet from the ground. It was not claimed that the plank slipped or fell out of the door.

One witness stated that the end of the plank on the ground rested unevenly, the ground not being level.

Other witnesses testified that there was no danger at all in using the plank in place of steps to get in the door, one saying that he had been over it as many as 100 times and noticed no unusual spring or movement of it.

There was testimony relative to the earning capacity of the plaintiff and the permanency of the injury.

Evidence upon the part of the appellant tended strongly to show that appellee's injury was the result of a fall from a horse by which she was thrown shortly before the alleged fall from the plank in the door of the depot building.

Some of the witnesses stated that she was so affected within a few days after the fall from the horse that she could not arise from her chair in the school room, that she screamed with pain and it took two or three men to assist her to get into her buggy.

The court instructed the jury, refusing to give at appellant's request instruction numbered 4, as follows:

"The court instructs the jury that if you find from the evidence in this case that the depot at the town of Mulberry, where plaintiff was injured, was being removed at the time of her injury, that workmen were engaged in working upon it, and that the plank which was being used to enter the negro waiting room was of a temporary character and that plaintiff knew and appreciated the condition that existed, that under the law she was required to exercise for her own protection a higher degree of care than she would if such condition did not exist."

It also refused appellant's requested instruction, telling the jury that no presumption of negligence arose because of the injury.

From the judgment upon the verdict returned against it, the railway company prosecutes this appeal.

*Thos. B. Pryor,* for appellant.

1. Plaintiff knew the condition of the depot. 93 Ark. 205 and 63 Ark. 427 are conclusive of this case. The exercise of ordinary care is the measure of the duty of a public carrier at stations. Hutch. on Car., § § 935, 941; Thompson on Negl., § § 274, 278; 90 Ark. 378; 70 *Id.* 136; 65 *Id.* 255; 96 *Id.* 311; 79 *Id.* 76. Negligence must proved; it can not be inferred. 82 Ark. 372. The damages are excessive.

*Sam R. Chew,* for appellee.

1. The proof in this case brings it squarely within the rule and principle expressed in 1 Thompson on Negligence, § § 994, 996, 1002. The damages awarded are reasonable.

Kirby, J., (after stating the facts). Appellant contends that the court erred in its refusal to give said requested instruction.

(1) A railway company is bound only to the exercise of ordinary care to keep and maintain its depot houses and approaches thereto in safe condition for the protection of passengers and other "persons who may be rightfully about such premises in other than the capacity of passengers." *St. Louis, I. M. & S. Ry. Co.* v. *Woods,* 96 Ark. 315; *Huddleston* v. *St. Louis, I. M. & S. Ry. Co.,* 90 Ark. 378; *Hodge-Downey Construction Co.* v. *Carson,* 100 Ark. 436.

(2-3) The court instructed the jury properly on this point, and it is also true that the person rightfully upon such premises is bound to exercise ordinary care for his own safety, and usually to the exercise of such care as is commensurate with the apparent danger to be avoided under the particular condition. The said instruction, however, is not an accurate statement of the law, for the plaintiff, notwithstanding she knew that the depot building was being removed and the workmen were engaged upon it at the time, and that the plank was only a temporary substitute for steps and appreciated the condition as it existed, was only bound to the exercise of ordinary care for her own protection, which would have been greater care, of course, than was required if the condition had been normal with the usual stationary steps for entry into the room.

The instruction in saying she was required under the condition existing "to exercise for her own protection a higher degree of care than she would if such condition did not exist", was incorrect and might have been misleading, indicating that care of a higher degree than ordinary care was required. It is true, as appellant contends, that the instructions given did not include the idea embodied in this one and tell the jury that appellee was required to be more watchful of the condition and careful for her safety under the circumstances as they existed, than if the conditions were usual and normal, and appellant was

entitled to an instruction of this kind, if it had asked a correct one, which it failed to do, as we have already said.

Neither was an error committed in refusing appellant's request to tell the jury that no presumption of negligence arose because of the injury, and that the facts must be proved, etc., since the court instructed the jury properly that the burden of proof was upon the plaintiff, to show by a preponderance of the testimony the negligence of the defendant from which the injury resulted.

The question of contributory negligence under the circumstances of this case was one for the jury, as was also the question of the damages resulting from the injury, and while it might have found the issues in appellant's favor, upon both propositions with substantial testimony to sustain the verdict, it found in favor of the appellee, and its verdict is conclusive upon these matters here.

Finding no prejudicial error in the record, the judgment is affirmed.